**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION )<br>　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　 )<br>　v. )<br>　　　　　　　　　　　　　　　　　　 )<br>ROBERT KOWALSKI, AKA ROBERT M. KOWALSKI; CHICAGO TITLE LAND TRUST COMPANY S/I/I TO BRIDGEVIEW BANK GROUP FKA BRIDGEVIEW BANK AND TRUST COMPANY, AS TRUSTEE UNDER TRUST AGREEMENT DATED APRIL 24, 1993 AND KNOWN AS TRUST NUMBER 1-2228; FDEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS )<br>　　　　　　　Defendants. ) | Case No. 1:19-cv-05770 |

**NOTICE OF REMOVAL**

Respondent, the FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS ("FDIC-R"), by and through its attorneys, Carlson Dash, LLC, and pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(c)(1)(A), hereby gives this Notice of Removal of this cause to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of Cook County, Illinois. The FDIC-R further states:

1. This case concerns the real estate commonly known as 1512 Polk Street, *aka* 1512 West Polk Street, Chicago, IL 60607 (the "Real Estate").

2. The Plaintiff, JP Morgan Chase Bank, National Association ("Chase") filed a Complaint to Foreclose Mortgage in the Circuit Court of Cook County, Illinois on May

3, 2019 (the "Foreclosure Complaint"). A copy of the Foreclosure Complaint is attached hereto as **Exhibit A**.

3. The Complaint alleges that Chase is the holder of a mortgage encumbering the real estate. Ex. A at ¶ 4(N).

4. Through the proceedings instituted by the Complaint, Chase is seeking to terminate the lien on the Real Estate that is held by the FDIC-R as described below. *Id.* at ¶ 4(L).

5. On Friday, December 15, 2017, Washington Federal Bank for Savings ("Washington Federal") was closed by the Office of the Comptroller of the Currency, and the FDIC was appointed Receiver. Attached hereto as **Exhibit B** is a true and correct copy of the Office of the Comptroller of the Currency's Receivership Determination and Appointment of Receiver.

6. On August 10, 1999, Washington Federal loaned $400,000.00 to Bridgeview Bank and Trust Company, as Trustee Under Trust Agreement Dated April 24, 1993 and known as Trust Number 1-2228 ("Borrower"), which was evidenced by a Promissory Note (the "Note"). Attached hereto as **Exhibit C** is a true and correct copy of the Note.

7. The Note was secured by a mortgage to Washington Federal dated August 10, 1999, which was recorded with the Cook County Recorder of Deeds on August 20, 1999 as Document No. 99797136 (the "Mortgage"). Attached hereto as **Exhibit D** is a true and correct copy of the Mortgage.

8. Upon appointment as receiver of Washington Federal, the FDIC-R, by operation of law, is the successor of all rights, titles, powers, and privileges of the assets of Washington Federal. *See* 12 U.S.C. § 1821(d)(2)(A)(i). Therefore, the FDIC-R is the

holder of promissory notes and mortgages on the Real Estate. *See* 12 U.S.C. § 1821(d)(2)(B).

9. The Circuit Court of Cook County entered an order in the underlying case on August 19, 2019 providing that the FDIC-R is substituted in as a party to the underlying case. A copy of this order is attached as **Exhibit E**.

10. FDIC-R filed its appearance as a respondent in the underlying case on August 22, 2019. A copy of the FDIC-R's appearance in the state court matter is attached hereto as **Exhibit F**.

11. Congress has given the Federal Deposit Insurance Corporation ("FDIC") broad power to remove cases from state court. *See* 12 U.S.C. § 1819(b)(2)(A) (providing that all actions in which the FDIC is a party are "deemed to arise under the laws of the United States"). Specifically, 12 U.S.C. § 1819(b)(2)(A) provides that the FDIC "may, without bond or security, remove any action, suit or proceeding from the State Court to the appropriate United States District Court before the end of the 90-day period beginning on the date the action, suit or proceeding is filed against the [FDIC] or the [FDIC] is substituted as party."

12. This Notice of Removal is made and filed within 90 days from the date the FDIC-R was substituted as a party in this action, therefore removal to the United States District Court for the Northern District of Illinois is proper.

13. The FDIC-R will promptly serve notice of the filing of this Notice of Removal pleading to all parties of record in this action and to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).

14. The FDIC-R reserves the right to supplement this Notice of Removal when additional information becomes available. The filing of this Notice is subject to, and without any waiver of, any and all applicable defenses or objections.

Dated: August 27, 2019

Respectfully submitted,

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS**,

By: /s/James M. Dash
One of Its Attorneys

CARLSON DASH, LLC
James M. Dash
Justin K. Malenius
31216 S. Jefferson St., Ste 504
Chicago, IL 60661
P: 312.382.1600
F: 312.382.1619
jdash@carlsondash.com
jmalenius@carlsondash.com