Atty. No.: 48928

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JPMorgan Chase Bank, National Association**<br><br>**Plaintiff,**<br><br>vs.<br><br>**Robert Kowalski, AKA Robert M. Kowalski; Unknown Owners and Non-Record Claimants; Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228;Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings,**<br><br>**Defendants.** | Case No. 1:19-cv-05770<br><br>1512 W. Polk Street, Chicago, IL 60607<br><br>Judge Thomas M. Durkin |

## NOTICE OF FILING

TO:     ALL COUNSEL OF RECORD:

You are hereby notified that MANLEY DEAS KOCHALSKI LLC, did this day file with the Clerk of Court of the United States District Court for the Northern District of Illinois the following in the above entitled action:

### JOINT INITIAL STATUS REPORT

A true and correct copy of the same is attached hereto and served upon you.

Alan S. Kaufman (6289893)      /s/ Alan S. Kaufman (6289893)
MANLEY DEAS KOCHALSKI LLC  One of Plaintiff's Attorneys
Attorneys for Plaintiff
One East Wacker, Suite 1250, Chicago, IL 60601
Phone: 312-651-6700; Fax:  614-220-5613
Atty. No.:  48928
Email: sef-askaufman@manleydeas.com

19-014249_ASK

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on    10/29/19   , a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, will be served by ordinary U.S. Mail. Parties may access this filing through the Court's system. Further, a copy was mailed to the following party on the date indicated in the first sentence of this paragraph.

Robert Kowalski, AKA Robert M. Kowalski
1009 61st Street, La Grange
Highlands, IL 60525

Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
c/o CT Corporation System, as Registered Agent
208 South Lasalle Street, Suite 814
Chicago, IL  60604

Date    10/29/19           /s/ Alan S. Kaufman (6289893)
                                                                                                              One of Plaintiff's Attorneys

MANLEY DEAS KOCHALSKI LLC
Attorneys for Plaintiff
One East Wacker, Suite 1250; Chicago, IL 60601
Telephone: 312-651-6700; Fax: 614-220-5613
Atty. No.:  48928
Email: MDKIllinoisFilings@manleydeas.com

19-014249_ASK

Atty. No.:  48928

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JPMorgan Chase Bank, National Association**<br><br>         **Plaintiff,**<br><br>vs.<br><br>**Robert Kowalski, AKA Robert M. Kowalski; Unknown Owners and Non-Record Claimants; Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228; Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings,**<br>         **Defendants.** | **Case No. 1:19-cv-05770**<br><br>**1512 W, Polk Street, Chicago, IL 60607**<br><br>**Judge Thomas M. Durkin** |

## JOINT INITIAL STATUS REPORT

**1. Nature of the Case**

A. Identify the attorneys of record for each party, including the lead trial attorney.

   Alan S. Kaufman, Attorney for JPMorgan Chase Bank, NA, ask@manleydeas.com

   James M. Dash,  Justin K. Malenius, and Jordana Thomadsen, Attorneys for Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, jdash@carlsondash.com, jmalenius@carlsondash.com, jthomadsen@carlsondash.com

B. Identify any parties that have not yet been served.

   Martha Padilla has not been named or served as a party defendant at this time.

   The Federal Deposit Insurance Corporation, as Receiver, has not been served but has agreed to accept service of the Complaint and Amended Complaint.  Chase questions whether service of the Complaint necessary, but the parties have agreed to resolve the issue with an acceptance of service.

C. State the basis for federal jurisdiction.

   12 U.S.C. § 1819(b)(2)(A)  provides  that  the  FDIC  "may, without bond or security,

19-014249_ASK

remove any action, suit or proceeding from the State Court to the appropriate United States District Court before the end of the 90-day period beginning on the date the action, suit or proceeding is filed against the [FDIC] or the [FDIC] is substituted as party."

D. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

> Plaintiff seeks to foreclose a mortgage on the property located at 1512 Polk Street, Chicago, Illinois, 60607, in the original amount of $382,000.00 based on the failure of Robert Kowalski to pay the monthly installments of principal, interest, taxes and insurance, and any other escrow items that may apply, for the period March 1, 2018, through the present. There remains an outstanding principal balance of $302,903.07 with interest accruing per the terms of the note, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

> The Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings (the "FDIC-R") seeks to foreclose mortgages on the property located at 1512 W. Polk Street, Illinois. The Borrower, Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228 has failed to make payments. There remains an outstanding principal balance of $637,219.63 with interest accruing per the terms of the note, plus attorney's fees, foreclosure costs, late charges, advances and expenses incurred by the FDIC-R as a result of the default.

E. State the major legal and factual issues in the case.

> 1. The legal impact on priority, if any, of: (1) Plaintiff's removal of Property Index Number 17-17-301-032 from its mortgage by a November 18, 2013 re-recording; and (2) the FDIC-R's 1997 mortgage on the property.

> 2. The default of borrower and amount owing to Plaintiff and to the FDIC-R.

19-014249_ASK

2. **Mandatory Initial Discovery Pilot Project**

   A. Confirm that all parties have read and discussed the Standing Order Regarding Initial Discovery Pilot Project.

   The parties have so discussed the Standing Order. At this time, the Answer period for the FDIC-R has not yet expired and Plaintiff intends on filing an Amended Complaint to name Martha Padilla. As such, discovery responses are not yet due according to the terms of the Pilot Project.

   B. State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information. If a date for a party's disclosure has passed, indicate whether the party complied with the deadline.

   Plaintiff intends on filing an Amended Complaint to name Martha Padilla, which will result in these deadlines resetting.

   C. Describe the parties' discussions regarding the mandatory initial discovery responses, including:

       i. any objections invoked or limitations sought by any party in connection with the party's response; and
       ii. the parties' resolution (or lack thereof) with respect to any such objection or limitation.

   Plaintiff and the FDIC-R intend on producing their respective mortgages, notes, assignments of mortgage, payment history and applicable notices of default. The borrower is currently in default and the parties do not expect to receive discovery responses from the borrower.

3. **Case Plan**

   A. Identify all pending motions.

   There are no pending motions, however, Plaintiff intends on filing a motion for leave to file an amended complaint to name Martha Padilla, a non-borrower, non-mortgagor, spouse in possession of the real estate. After Martha Padilla is named and served as party defendant, the parties will move for default and Summary Judgment as appropriate.

   B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

   The FDIC-R and Martha Padilla intend to Answer Plaintiff's Complaint. The FDIC-R intends to file a Counterclaim seeking foreclosure of its mortgages.

   C. Submit a proposed discovery plan, including the following information:

       i. the general type of discovery needed;

19-014249_ASK

      ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

      iii. any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

      iv. for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;

      v. the date by which the parties will complete fact discovery;

      vi. whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

      vii. what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;

      viii. for cases included in the Mandatory Initial Discovery Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses; and

      ix. the date by which the parties must file any dispositive motions.

JPMorgan Chase and the FDIC-R intend to produce their respective mortgages, notes, assignments of mortgage, payment history and applicable notices of default. Robert Kowalski is currently in default and the parties do not expect to receive discovery responses from Robert Kowalski. Martha Padilla was not a party to the contract and thus would not have documents to produce. The payment histories for JPMorgan Chase and the FDIC-R while technically are ESI, will be produced in legible spreadsheets or screen prints as appropriate.

D. State whether there has been a jury demand and the estimated length of the trial.

No jury demand has been made, nor do the parties expect that there will be a trial in this matter.

| | |
|---|---|
| Alan S. Kaufman (6289893) |    /s/ Alan S. Kaufman (6289893) |
| MANLEY DEAS KOCHALSKI LLC | One of Plaintiff's Attorneys |
| Attorneys for Plaintiff | |
| One East Wacker, Suite 1250, Chicago, IL 60601 | |
| Phone: 312-651-6700; Fax: 614-220-5613 | |
| Atty. No.: 48928 | |
| Email: sef-askaufman@manleydeas.com | |

19-014249_ASK