UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JPMorgan Chase Bank, National Association**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**Robert Kowalski, AKA Robert M. Kowalski; Unknown Owners and Non-Record Claimants; Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228; Martha Padilla; Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings,**<br><br>     **Defendants.** | Case No. 1:19-cv-05770<br><br>1512 W. Polk Street, Chicago, IL 60607<br><br>Judge Thomas M. Durkin |

## AMENDED COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, JPMorgan Chase Bank, National Association, by its Attorneys Manley Deas Kochalski LLC, states as follows:

1.     Plaintiff files this Amended Complaint pursuant to 735 ILCS 5/15-1101 *et seq.* to foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described and joins the following persons as defendants:

    Robert Kowalski, AKA Robert M. Kowalski
    Unknown Owners and Non-Record Claimants
    Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview
    Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And
    Known As Trust Number 1-2228
    Martha Padilla
    Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for
    Savings

2. Plaintiff has heretofore elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, to become immediately due and payable and, by the filing of this complaint, Plaintiff has confirmed said election.

3. Attached as Exhibit A is a copy of the Mortgage. Attached as Exhibit B is a copy of the Note. Attached as Exhibit C and Exhibit D are copies of the Assignments. Attached as Exhibit E is a copy of the Loan Modification Agreement.

4. Information concerning said Mortgage:

    (A) Nature of the instrument: Mortgage

    (B) Date of the Mortgage: May 8, 1998

    (C) Name or Names of the Mortgagors:

    Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228

    (D) Name of the mortgagee, trustee or grantee in the Mortgage:

    Washington Mutual Bank, F.A.

    (E) Date and place of recording:

    May 18, 1998, re-recorded on November 18, 2013 in the Cook County, Illinois records

    (F) Identification of recording: Document Number 98410464, as re-recorded as Document Number 1332215071

    (G) Interest subject to the mortgage: Fee Simple

    (H) Amount of original Indebtedness, including subsequent advances made under the mortgage: $382,000.00

    (I) Legal description of Mortgaged premises and common address (hereinafter "Mortgaged Premises"):

    Lot 47 and the South 77.6 feet and the East 7.02 foot of Lot 46 included in Laflin and Loomis Resubdivision of the South half of Block 41 in Canal Trustee's Subdivision of the West half of the West half of the northeast quarter of Section

19-014249_CGK

17, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Commonly known as: 1512 Polk Street, Chicago, IL 60607

Permanent Index Numbers: 17-17-301-032-0000, 17-17-301-046-0000

(J) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor to pay the monthly installments of principal, interest, taxes and insurance, and any other escrow items that may apply, for the period March 1, 2018, through the present. There remains an outstanding principal balance of $302,903.07 with interest accruing per the terms of the note, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

(K) Name of present owner(s) of the real estate:

Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Martha Padilla, by virtue of being the spouse of Robert Kowalski, AKA Robert M. Kowalski and having a possible homestead interest in the subject property.

Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, by virtue of a mortgage from Bridgeview Bank and Trust Company, as Trustee under Trust Agreement dated April 28, 1993 and known as Trust No. 1-2228, in the amount of $400,000.00, recorded August 20, 1999 as Document Number 99797136, Cook County, Illinois records..

(1) In addition to person(s) designated by name herein, there are other person(s) who have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210, and whose interest falls in any of the following categories: (1) right of homestead, (2) judgment creditor, (3) beneficiary interest under any trust other than the beneficial interest of a beneficiary of a trust in actual possession of all or part of the real estate, (4) unrecorded mechanics' lien claimant, or (5 )any other entity or person who claims an interest in the Mortgaged Premises. The name or names of these claimants and all such other persons are made party defendants to this action by the name and description of "UNKNOWN OWNERS AND/OR NON-RECORD CLAIMANTS."

19-014249_CGK

(M) Names of defendants claimed to be personally liable for deficiency, if any:

**Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228**

Unless any of such defendants have been discharged in Bankruptcy, in which case no such deficiency is sought.

(N) Capacity in which Plaintiff brings this foreclosure:

Legal holder of the indebtedness secured by the mortgage.

(O) Facts in support of redemption period, shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, is residential real estate; (ii) 6 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication of (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or (iii) 3 months from the entry of the judgment of foreclosure, whichever is later.

Pursuant to the terms of the 735 ILCS 5/15-1603, the Court shall determine the length of the redemption period upon making a finding based on the facts and circumstances available to the Court at the time of judgment that the property is either residential, non residential, or abandoned.

(P) Facts in support of request for attorney's fees and of costs and expenses:

That pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorney's fees, court costs, title costs, and other expenses which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

(Q) Determination as to residential real estate:

(1) Pursuant to the terms of 735 ILCS 5/15-121, Plaintiff requests that the court make a finding based upon facts and circumstances available to the court at the time of Judgment that the subject real estate is either "residential real estate" occupied as a principal residence either (i) if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons and subject to a seven-month redemption period.

4

19-014249_CGK

  (2) In the event that the court finds that either: (1) the real estate is residential, then the real estate shall be subject to a seven month redemption period, or (2) the real estate is non-residential, then the real estate is subject to a six- month redemption period.

(R) Facts in Support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought:

 None at this time; Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession of Receiver if applicable.

(S) Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, are sought to be terminated and, if not elsewhere stated, the facts in support thereof:

 Robert Kowalski, AKA Robert M. Kowalski
 Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
 Martha Padilla

1. All of the allegations contained in the original Complaint heretofore filed are hereby incorporated into this Amended Complaint, unless otherwise restated, changed or corrected herein.

## REQUEST FOR RELIEF

Plaintiff requests:

1. A judgment to foreclose such mortgage and judicial sale by the Sheriff or Judicial Sales Officer appointed for that purpose.

2. An order granting a shortened redemption period, as applicable.

3. A personal judgment for a deficiency, if sought, only against those Defendants/ Obligors, who have not received an order discharging the subject debt in bankruptcy proceedings, or who are not currently involved in bankruptcy proceedings in which the stay has been modified for the sole purpose of foreclosing the subject lien.

4. An order granting possession, if sought.

5. An order placing the mortgagee in possession or appointing a receiver, if sought.

6. A judgment including attorney's fees, costs, and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

19-014249_CGK

7. For a finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

8. An order enforcing its assignment of rents derived from said real estate, if applicable.

9. For such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

10. A sale by public auction.

11. A cash sale by open bid.

12. A provision that a Sales Officer, the Sheriff of Cook County, or a special commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

13. An order that title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record.

14. That the plaintiff be entitled to recover in any reinstatement or redemption, any additional taxes paid, or advances paid for expenses including, but not limited to, insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

Alan S. Kaufman (6289893)  
MANLEY DEAS KOCHALSKI LLC  
Attorneys for Plaintiff  
One East Wacker, Suite 1250, Chicago, IL 60601  
Phone: 312-651-6700; Fax: 614-220-5613  
Email: sef-askaufman@manleydeas.com

/s/ Alan S. Kaufman (6289893)  
One of Plaintiff's Attorneys

6

19-014249_CGK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on __12/5/19_____, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, will be served by ordinary U.S. Mail. Parties may access this filing through the Court's system. Further, a copy was mailed to the following party on the date indicated in the first sentence of this paragraph.

Robert Kowalski, AKA Robert M. Kowalski
1512 Polk Street
Chicago, Illinois, 60607

Unknown Owners and Non Record Claimants
1512 Polk Street
Chicago, Illinois, 60607

Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
c/o CT Corporation System, as Registered Agent
208 South Lasalle Street, Suite 814
Chicago, IL  60604

Date __12/5/19_____     __/s/ Alan S. Kaufman (6289893)___
                                     One of Plaintiff's Attorneys

MANLEY DEAS KOCHALSKI LLC
Attorneys for Plaintiff
One East Wacker, Suite 1250; Chicago, IL 60601
Telephone: 312-651-6700; Fax: 614-220-5613
Atty. No.:  48928
Email: MDKIllinoisFilings@manleydeas.com

19-014249_CGK