IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION<br>      Plaintiff,<br><br>  v.<br><br>ROBERT KOWALSKI, AKA ROBERT M. KOWALSKI; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; CHICAGO TITLE LAND TRUST COMPANY s/i/i TO BRIDGEVIEW BANK GROUP FKA BRIDGEVIEW BANK AND TRUST COMPANY, AS TRUSTEE UNDER TRUST AGREEMENT DATED APRIL 24, 1993 AND KNOWN AS TRUST NUMBER 1-2228; MARTHA PADILLA; FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS,<br><br>      Defendants. | Case No. 1:19-cv-05770<br><br>Judge Thomas M. Durkin |

**ANSWER AND COUNTERCLAIM TO AMENDED COMPLAINT**

  Defendant, Federal Deposit Insurance Corporation as Receiver for Washington Federal Bank for Savings ("FDIC-R" or "Defendant"), by Carlson Dash, LLC and Horwood, Marcus & Berk Chartered, its attorneys, files its Answer and Counter Claim to Plaintiff's Amended Complaint as follows:

**ANSWER**

  1. Plaintiff files this Amended Complaint pursuant to 735 ILCS 5/15-1101 *et seq.* to foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described and joins the following persons as defendants:

  Robert Kowalski, AKA Robert M. Kowalski

   Unknown Owners and Non-Record Claimants
   Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank and Trust Company, As Trustee Under Trust Agreement dated April 24, 1993 and known as Trust Number 1-2228
   Martha Padilla
   Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings

   **ANSWER:** Defendant admits that Plaintiff filed this Amended Complaint to foreclose naming the above parties and denies the remaining allegations in this paragraph to the extent that they vary from the text of the Amended Complaint.

   2. Plaintiff has heretofore elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, to become immediately due and payable and, by the filing of this complaint, Plaintiff has confirmed said election.

   **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations in this paragraph and, therefore, denies them.

   3. Attached as Exhibit A is a copy of the Mortgage. Attached as Exhibit B is a copy of the Note. Attached as Exhibit C and Exhibit D are copies of the Assignments. Attached as Exhibit E is a copy of the Loan Modification Agreement.

   **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations in this paragraph and, therefore, denies them.

   4. Information concerning said Mortgage:

    (A) Nature of the instrument: Mortgage

    (B) Date of the Mortgage: May 8, 1998

    (C) Name or Names of the Mortgagors:

     Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank and Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known as Trust Number 1-2228

    (D) Name of the mortgagee, trustee or grantee in the Mortgage:

     Washington Mutual Bank, F.A.

    (E) Date and place of recording:

|   |   |
|---|---|
|   | May 18, 1998, re-recorded on November 18, 2013 in the Cook County, Illinois records |
| (F) | Identification of recording: Document Number 98410464, as re-recorded as Document Number 1332215071 |
| (G) | Interest subject to the mortgage: Fee Simple |
| (H) | Amount of original indebtedness, including subsequent advances made under the mortgage: $382,000.00 |
| (I) | Legal description of Mortgaged premises and common address (hereinafter "Mortgaged Premises") |

Lot 47 and the South 77.6 feet and the East 7.02 feet of Lot 46 included in Laflin and Loomis Resubdivision of the South half of Block 41 in Canal Trustee's Subdivision of the West half of the West half of the northeast quarter of Section 17, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.

Commonly known as 1512 Polk Street, Chicago, IL 60607

Permanent Index Numbers: 17-17-301-032-000, 17-17-301-046-000

(J) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor to pay the monthly installments of principal, interest, taxes and insurance, and any other escrow items that may apply, for the period March 1, 2018, through the present. There remains an outstanding principal balance of $302,903.07 with interest accruing per the terms of the note, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

(K) Name of present owner(s) of the real estate:

Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known as Trust Number 1-2228

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Martha Padilla, by virtue of being the spouse of Robert Kowalski, AKA Robert M. Kowalski and having a possible homestead interest in the subject property.

Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, by virtue of a mortgage from Bridgeview Bank and Trust Company, as Trustee under Trust Agreement dated April 28, 1993 and known

        as Trust No. 1-2228, in the amount of $400,000.00, recorded August 20, 1999 as Document Number 99797136, Cook County, Illinois records.

        (1)     In addition to person(s) designated by name herein, there are other person(s) who have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210, and whose interest fails in any of the following categories: (1) right of homestead, (2) judgment creditor, (3) beneficiary interest under any trust other than the beneficial interest of a beneficiary of a trust in actual possession of all or part of the real estate, (4) unrecorded mechanics' lien claimant, or (5) any other entity or person who claims an interest in the Mortgaged Premises. The name or names of these claimants and all such other persons are made party defendants to this action by the name and description of "UNKNOWN OWNERS AND/OR NON-RECORD CLAIMANTS."

(M)     Names of defendants claimed to be personally liable for deficiency, if any:

**Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank and Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228**

Unless any of such defendants have been discharged in Bankruptcy, in which case no such deficiency is sought.

(N)     Capacity in which Plaintiffs brings this foreclosure:

Legal holder of the indebtedness secured by the mortgage.

(O)     Facts in support of redemption period, shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if residential real estate; (ii) 6 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or (iii) 3 months from the entry of the judgment of foreclosure, whichever is later.

Pursuant to the terms of 735 ILCS 5/15-1603, the Court shall determine the length of the redemption period upon making a finding based on the facts and circumstances available to the Court at the time of judgment that the property is either residential, non-residential or abandoned.

(P)     Facts in support of request for attorney's fees and of costs and expenses:

That pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorney's fees, court costs, title costs, and other expenses which

        plaintiff has been and will be required to expend in the prosecution of this foreclosure.

(Q)    Determination as to residential real estate:

    (1)    Pursuant to the terms of 735 ILCS 5/15-121, Plaintiffs requests that the court make a finding based upon facts and circumstances available to the court at the time of Judgment that the subject real estate is either "residential real estate" occupied as a principal residence either (i) if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons and subject to a seven-month redemption period.

    (2)    In the event that the court finds that either (1) the real estate is residential, then the real estate shall be subject to a seven month redemption period, or (2) the real estate is non-residential, then the real estate is subject to a six month redemption period.

(R)    Facts in Support of a request for appointment of a mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought:

None at this time, Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession of Receiver if applicable.

(S)    Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, are sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Robert Kowalski, AKA Robert M. Kowalski
Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank and Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
Martha Padilla

**ANSWER:** Defendant denies that the address, Permanent Index Numbers, or the legal description recited in paragraph 4(I) reflects the information recited in Plaintiff's Mortgage. Defendant admits that it has an interest in the property pursuant to the mortgage recited in paragraph 4(L) and amendments thereto. Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph 4 and, therefore, denies them.

5. All of the allegations contained in the original Complaint heretofore filed are hereby incorporated into this Amended Complaint, unless otherwise restated, changed or corrected herein.

**ANSWER:** Defendant denies any allegations in the original Complaint that are not restated, changed or corrected in the Amended Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant alleges as follows:

1. Plaintiff has failed to exhaust administrative remedies, including the claims process set out in 12 U.S.C. § 1821(d).

2. Plaintiff has failed to state a claim sufficient to foreclose the interest of the FDIC-R in the real estate.

WHEREFORE, the Defendant, FDIC-R respectfully requests that this Court:

1. Enter an Order Declaring the FDIC-R's August 26, 1999 Mortgage, as amended, to be a first mortgage on the Property prior in right to any claim or interest held by the other parties to this litigation and not subject to extinguishment;

2. Or, in the alternative, the FDIC-R requests that this Court acknowledges its mortgage lien on the subject property, that it grant it any proceeds from sale over and above the first mortgage lien, and for any other relief this Court deems equitable and just.

## COUNTERCLAIM TO FORECLOSE MORTGAGE

Counter-Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), for its Counterclaim to Foreclose Mortgage, states as follows:

1. FDIC-R files this Counterclaim to Foreclose the Mortgage ("Mortgage") hereinafter described and joins the following persons as Counter-Defendants: Robert M. Kowalski, Chicago Title Land Trust Company, as Successor Trustee to Bridgeview Bank Group f/k/a

Bridgeview Bank & Trust Company, as Trustee under Trust No. 1-2228, JPMorgan Chase Bank, Martha Padilla, Unknown Owners, and Nonrecord Claimants.

    2.    Attached as "Exhibit A" is a copy of the Mortgage dated August 10, 1999. Attached as "Exhibit B" is a copy of the Modification of Mortgage dated July 28, 2000. Attached as "Exhibit C" is a copy of the Modification of Mortgage dated November 1, 2004. Attached as "Exhibit D" is the Modification of Mortgage dated July 31, 2007. Attached as "Exhibit E" is the Note dated August 10, 1999. Attached as "Exhibit F" is the Extension to Note dated August 1, 2000. Attached as "Exhibit G" is the Extension to Note dated April 2, 2001. Attached as "Exhibit H" is the Extension to Note dated May 31, 2001. Attached as "Exhibit I" is the Extension to Note dated March 31, 2003. Attached as "Exhibit J" is the Extension to Note dated November 1, 2004. Attached as "Exhibit K" is the Note Modification Agreement dated November 1, 2004. Attached as "Exhibit L" is the Extension to Note dated October 1, 2005. Attached as "Exhibit M" is the Note Modification Agreement dated July 31, 2007. Attached as "Exhibit N" is the Extension of Note dated January 1, 2008. Attached as "Exhibit O" is the Extension to Note dated January 1, 2012.

    3.    Information concerning the Mortgage:

        (A)    Nature of the instrument: Mortgage, as modified by Modifications of Mortgage

        (B)    Date of the Mortgage: August 10, 1999, as modified on July 28, 2000, November 1, 2004 and July 31, 2007

        (C)    Name or names of the mortgagors: Chicago Title Land Trust Company, as Successor Trustee to Bridgeview Bank Group f/k/a Bridgeview Bank & Trust Company as Trustee under Trust Agreement dated April 24, 1994 and

    known as Trust No. 1-2228

(D) Name of the mortgagee: Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings

(E) Date and place of recording: August 20, 1999, November 27, 2000, February 1, 2005 and June 11, 2008, Cook County Recorder's Office

(F) Identification of recording: Mortgage Document No. 99797136, 00926448, 0503233116, 0816333206

(G) Interest subject to the mortgage: Fee simple

(H) Amount of original indebtedness, including subsequent advances made under the mortgage: $400,000.00, subsequently increased to $637,219.63

(I) Legal Description of the mortgaged premises and the common address ("Mortgaged Premises"):

    LOT 47 AND THE SOUTH 85.0 FEET OF THE EAST 7.5 FEET OF LOT 46 IN THE SOUTH 1/2 OF BLOCK 41 IN LAFLIN AND LOOMIS RESUBDIVISION OF BLOCKS 5, 16, 21, 30, 31, 32, 33 AND 41 AND SUBDIVISION OF BLOCKS 6, 9, 19 AND 20 IN CANAL TRUSTEES' RESUBDIVISION OF THE WEST 1/2 AND THE WEST 1/2 OF THE NORTHEAST QUARTER OF SECTION 17, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO PLAT THEREOF RECORDED JANUARY 31, 1863 IN BOOK 161 OF MAPS, PAGE 75 AND RE-RECORDED DECEMBER 31, 1872 IN BOOK 3 OF PLATS, PAGES 65 AND 66 IN COOK COUNTY, ILLINOIS.

    Commonly known as 1512 W. Polk Street, Chicago, IL 60607

    Permanent Index No: 17-17-301-032, 17-17-301-046

(J) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor to pay the balance remaining on the Note on its maturity date of January 1, 2014. As of January 1, 2020, there remains an outstanding

      principal balance of $637,219.63 plus interest accruing pursuant to the terms of the note and mortgage, attorney's fees, foreclosure costs, advances, and expenses incurred by FDIC-R as a result of the default. As of January 1, 2020, interest of $101,908.18 has accrued and continues to accrue in the amount of $140.82 per day, as well as an escrow advance of $9,077.91, and late charges of $637.03.

(K) Name of present owner(s) of the real estate: Chicago Title Land Trust Company, as Successor Trustee to Bridgeview Bank Group f/k/a Bridgeview Bank & Trust Company as Trustee under Trust Agreement dated April 24, 1994 and known as Trust No. 1-2228.

(L) Names of other persons who are joined as defendants and whose interest in or lien on the Mortgaged Premises is sought to be terminated: Robert M. Kowalski by virtue of his ownership, JPMorgan Chase Bank by virtue of its mortgage originally recorded May 17, 1998 and re-recorded with the correct legal description on November 18, 2013 and who failed to follow the required claim procedure under 12. U.S.C. §1821(d)(5), Martha Padilla by virtue of her ownership and possessory interests and, on information and belief, there may be other person(s) who have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210, and whose interest falls in any of the following categories: (1) right of homestead, (2) judgment creditor, (3) beneficiary interest, (4) unrecorded mechanic's lien claimant, or (5) any

        other person who claims an interest in the Mortgaged Premises. That the name or names of these claimants and all such other persons are made party defendants to this action by the name and description "Unknown Owners and Nonrecord Claimants."

(M) Names of defendants claimed to be personally liable for deficiency, if any:

        Robert M. Kowalski, subject to whether his debts are discharged as bankruptcy pending as Case No. 18-9130 in the United States Bankruptcy Court for the Northern District of Illinois.

(N) Capacity in which plaintiff brings this foreclosure:

        FDIC-R is the legal holder of the indebtedness secured by the Mortgage being foreclosed herein.

(O) [This section omitted]

(P) [This section omitted]

(Q) Facts in support of request for attorney's fees and of costs and expenses:

That pursuant to paragraph 6(e) of the Note and paragraph 21 of the Mortgage, FDIC-R is entitled to recover reasonable attorney's fees, costs, and expenses which FDIC-R will incur in enforcing the Note and Mortgage.

(R) [This section omitted]

(S) Offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale, if sought: FDIC-R offers to the mortgagor the opportunity to relinquish title to the real estate to FDIC-R in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(T) Name or names of defendants whose right to possess the mortgaged real

estate, after the confirmation of a foreclosure sale, is sought to be terminated, and, if not elsewhere stated, the facts in support thereof:

Robert M. Kowalski, Chicago Title Land Trust Company, as Successor Trustee to Bridgeview Bank Group f/k/a Bridgeview Bank & Trust Company, as Trustee under Trust No. 1-2228, JPMorgan Chase Bank, Martha Padilla, Unknown Owners, and Nonrecord Claimants.

<u>REQUEST FOR RELIEF</u>

FDIC-R requests:

i. A judgment of foreclosure and judicial sale by the Judicial Sales Officer appointed for that purpose for a reasonable fee, which fee shall be recoverable by FDIC-R in the event of redemption;

ii. A personal judgment for a deficiency against Robert M. Kowalski if he has not received an order discharging the subject debt in bankruptcy proceedings;

iii. An order granting possession;

iv. A judgment for attorneys' fees, costs, and expenses, including, but not limited to, payments for taxes, insurance, securing the property, inspections, and other expenses of FDIC-R;

v. An order that title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, and special assessments upon real estate, and easements and restrictions of record;

vi. That FDIC-R be entitled to recover in any reinstatement or redemption any additional taxes paid or advances paid for expenses including, but not limited to,

11

        insurance, inspection, boarding and securing the premises, or other expenses to preserve and protect said security;

vii.    For such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

Dated this 8th day of January, 2020.

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS,

By:     */s/ Jordana E. Thomadsen*
       One of Its Attorneys

CARLSON DASH, LLC
James M. Dash – ARDC# 6200504
Justin K. Malenius – ARDC# 6309596
Jordana E. Thomadsen
216 S. Jefferson St., Ste 504
Chicago, IL 60661
P: 312.382.1600
F: 312.382.1619
jdash@carlsondash.com
jmalenius@carlsondash.com
jthomadsen@carlsondash.com

HARWOOD MARCUS & BERK CHARTERED
Eric S. Rein – ARDC# 6181305
Matthew R. Barrett – ARDC# 6308549
500 W. Madison St., Ste 3700
Chicago, IL 60661
P: 312.606.3200
F: 312.606.3232
rrein@hmblaw.com
mbarrett@hmblaw.com