**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JP Morgan Chase Bank, National Association, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19 CV 5770 |
| | ) |
| Robert Kowalski, a/k/a Robert M. Kowalski, | ) |
| Unknown Owners and Non-Record Claimants; | ) |
| Chicago Title Land Trust Company s/i/i to | ) |
| Bridgeview Bank Group f/k/a Bridgeview Bank | ) |
| and Trust Company, as trustee under trust | ) |
| agreement dated April 24, 1993 and known as | ) |
| Trust Number 1-2228, Martha Padilla, Federal | ) |
| Deposit Insurance Corporation, as receiver for | ) |
| Washington Federal Bank for Savings, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MARTHA PADILLA'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendant, Martha Padilla, by and through her attorneys, Ziccardi Law Offices, and for her answer to the Second Amended Complaint filed by JP Morgan Chase Bank, N.A., hereby states as follows:

**COUNT I – Foreclosure of Mortgage**

1. Plaintiff files this Second Amended Complaint pursuant to 735 ILCS 5/15-1101 *et seq.* to foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described and joins the following persons as defendants:

   Robert Kowalski, AKA Robert M. Kowalski
   Unknown Owners and Non-Record Claimants
   Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
   Martha Padilla
   Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings

**ANSWER:** Padilla admits that the Plaintiff filed this Second Amended Complaint to foreclose on a mortgage recorded against the subject property but denies that the Plaintiff is entitled to the relief requested.

2. Plaintiff has heretofore elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, to become immediately due and payable and, by the filing of this complaint, Plaintiff has confirmed said election.

**ANSWER:** Padilla admits that the Plaintiff elected to declare the entire principal and interest due and owing, but denies that the Plaintiff is entitled to the relief sought therein.

3. This Court has subject-matter jurisdiction over this case. To the extent that 12 U.S.C. §1821(d)(5) applies to any claims alleged in this case, Chase has complied with the requirements and timely exhausted any applicable administrative remedies. On April 15, 2020, the FDIC provided notice that it was disallowing any administrative claim submitted by Chase and confirming Chase only remedy to resolve outstanding issues with the FDIC concerning the subject property and mortgages at issue is in the instant litigation. (See Disallowance of Claim, attached hereto as Exhibit A.)

**ANSWER:** Padilla admits this Court has subject-matter over this case.

4. Attached as Exhibit B is a copy of the Mortgage. Attached as Exhibit C is a copy of the Note. Attached as Exhibit D and Exhibit E are copies of the Assignments. Attached as Exhibit F is a copy of the Loan Modification Agreement.

**ANSWER:** Padilla admits that what purports to be copies of a Mortgage, Note, Assignments and Loan Modification Agreement are attached to Plaintiff's Seconded Amended Complaint as exhibits. Answering further, Padilla denies the validity of said documents or that she authorized or had knowledge of the execution of said documents.

5. Information concerning said Mortgage:

   (A) Nature of the instrument: Mortgage

   (B) Date of the Mortgage: May 8, 1998

   (C) Name or Names of the Mortgagors: Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228

(D) Name of the mortgagee, trustee or grantee in the Mortgage: Washington Mutual Bank, F.A.

(E) Date and place of recording:
May 18, 1998, re-recorded on November 18, 2013 in the Cook County, Illinois records

(F) Identification of recording: Document Number 98410464, as re-recorded as Document Number 1332215071

(G) Interest subject to the mortgage: Fee Simple

(H) Amount of original Indebtedness, including subsequent advances made under the mortgage: $382,000.00

(I) Legal description of Mortgaged premises and common address (hereinafter "Mortgaged Premises"):
Lot 47 and the South 77.6 feet and the East 7.02 foot [sic] of Lot 46 included in Laflin and Loomis Resubdivision of the South half of Block 41 in Canal Trustee's Subdivision of the West half of the West half of the northeast quarter of Section 17, Township 39 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois.
Commonly known as: 1512 Polk Street, Chicago, IL 60607
Permanent Index Numbers: 17-17-301-032-0000, 17-17-301-046-0000

(J) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor to pay the monthly installments of principal, interest, taxes and insurance, and any other escrow items that may apply, for the period March 1, 2018, through the present. There remains an outstanding principal balance of $302,903.07 with interest accruing per the terms of the note, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

(K) Name of present owner(s) of the real estate:
Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:
Martha Padilla, by virtue of being the spouse of Robert Kowalski, AKA Robert M. Kowalski and having a possible homestead interest in the subject property. Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, by virtue of a mortgage from Bridgeview Bank and Trust Company, as Trustee under Trust Agreement dated April 28, 1993 and known as Trust No. 1-2228,

in the amount of $400,000.00, recorded August 20, 1999 as Document Number 99797136, Cook County, Illinois records.

    (1) In addition to person(s) designated by name herein, there are other person(s) who have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210, and whose interest falls in any of the following categories: (1) right of homestead, (2)judgment creditor, (3) beneficiary interest under any trust other than the beneficial interest of a beneficiary of a trust in actual possession of all or part of the real estate, (4) unrecorded mechanics' lien claimant, or (5) any other entity or person who claims an interest in the Mortgaged Premises. The name or names of these claimants and all such other persons are made party defendants to this action by the name and description of "UNKNOWN OWNERS AND/OR NON-RECORD CLAIMANTS."

(M) Names of defendants claimed to be personally liable for deficiency, if any:
**Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228**
Unless any of such defendants have been discharged in Bankruptcy, in which case no such deficiency is sought.

(N) Capacity in which Plaintiff brings this foreclosure:
Legal holder of the indebtedness secured by the mortgage.

(O) Facts in support of redemption period, shorter than the longer of (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, is residential real estate; (ii) 6 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication of (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or (iii) 3 months from the entry of the judgment of foreclosure, whichever is later. Pursuant to the terms of the 735 ILCS 5/15-1603, the Court shall determine the length of the redemption period upon making a finding based on the facts and circumstances available to the Court at the time of judgment that the property is either residential, non residential, or abandoned.

(P) Facts in support of request for attorney's fees and of costs and expenses:

That pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorney's fees, court costs, title costs, and other expenses which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

(Q) Determination as to residential real estate:

    (1) Pursuant to the terms of 735 ILCS 5/15-121, Plaintiff requests that the court make a finding based upon facts and circumstances available to the court at the time of Judgment that the subject real estate is either "residential real estate" occupied as a principal residence either (i) if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons and subject to a seven-month redemption period.

    (2) In the event that the court finds that either: (1) the real estate is residential, then the real estate shall be subject to a seven month redemption period, or (2) the real estate is non-residential, then the real estate is subject to a six- month redemption period.

(R) Facts in Support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought:
None at this time; Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession of Receiver if applicable.

(S) Name or names of defendants whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, are sought to be terminated and, if not elsewhere stated, the facts in support thereof:
Robert Kowalski, AKA Robert M. Kowalski
Chicago Title Land Trust Company s/i/i to Bridgeview Bank Group FKA Bridgeview Bank And Trust Company, As Trustee Under Trust Agreement Dated April 24, 1993 And Known As Trust Number 1-2228
Martha Padilla

**ANSWER:** Padilla states as follows:

(A) Padilla admits that the nature of the instrument is a mortgage.

(B) Padilla admits that the mortgage is dated May 8, 1998.

(C) Padilla admits that the name of the Mortgagor is Chicago Title Land Trust s/i/i to Bridgeview Bank Group. Answering further, Padilla adamantly denies that the Mortgagor had the proper authority to execute the mortgage because it did not obtain a letter of direction signed by Padilla, nor did it ever notify her of its intention to execute the mortgage and related loan documents.

(D) Padilla admits that the mortgagee is Washington Mutual Bank.

(E) Padilla admits the date and place of recording.

(F) Padilla admits the recording numbers.

(G) Padilla admits the interest subject to mortgage is fee simple.

(H) Padilla admits that the mortgage purports to be for $382,000.00, although Padilla adamantly denies the receipt, use or benefit of any of said funds, or knowledge as to the claimed balance due, or the validity of the mortgage in its entirety.

(I) Padilla is without knowledge or information as to the accuracy of the legal description.

(J) Padilla is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 5(J), and therefore she denies said allegations. Answering further, although she denies the validity of the mortgage, Padilla states that she attempted to make payments, until the validity of the loan could be investigated, solely to avoid the filing of a foreclosure action against the property, but plaintiff refused to accept said payments.

(K) Padilla admits Chicago Title Land Trust as s/i/i to Bridgeview Bank Group is in title to the property.

(L) Padilla admits that she has been named as a defendant because of her beneficial interest in land trust holding title to the subject property. Answering further, Padilla admits that the FDIC and Unknown Owners and Occupants and non-record claimants have been named as defendants but deny that any of these parties has a valid interest in the subject property.

(M) Padilla admits that plaintiff seeks recovery from the land trust but denies that plaintiff is entitled to the relief requested.

(N) Padilla is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 5(N), and therefore she denies said allegations.

(O) Padilla states that the allegations of this paragraph 5(O) call for a legal conclusion, which Padilla is not required to answer.

(P) Padilla admits only that the mortgage contains a provision allowing for recovery of attorneys' fees, court costs, etc., but denies that plaintiff is entitled to recovery thereof.

(Q) Padilla admits that the property is residential real estate as defined by the Illinois Mortgage Foreclosure Law.

(R) Padilla neither admits nor denies the allegations of this paragraph 5(R), as there are no facts alleged herein.

- (S) Padilla admits that plaintiff seeks to terminate her interest in, and right to possess, the subject property, but denies that plaintiff is entitled to said relief given that Padilla did not execute a letter of direction authorizing the trustee to execute the mortgage and related loan documents.

6. All of the allegations contained in the original Complaint heretofore filed are hereby incorporated into this Amended Complaint, unless otherwise restated, changed or corrected herein.

**ANSWER:** Padilla denies any allegations in the original Complaint that are not restated, changed or corrected in the Amended Complaint.

### COUNT II - Equitable Lien Via Subrogation (In the Alternative)

1. Plaintiff brings this Count II in the alternative, should this Court find that Plaintiff's Mortgage set forth in Count I is not a paramount lien on the Subject Property, or is otherwise unenforceable.

**ANSWER:** Defendant admits that Plaintiff has brought Count II in the alternative but denies that Plaintiff holds an equitable lien via subrogation or is otherwise entitled to the relief requested.

2. On February 18, 1997, Bridgeview Bank and Trust Company, as Trustee under Trust Agreement Dated April 24, 1993 and known as Trust Number 1-2228 (the "Trust") executed a mortgage in favor of Washington Federal Bank for Savings ("WFBS") in the amount of $372,000.00, which was recorded against the Subject Property on February 25, 1997 in the Cook County Recorder of Deeds Office as Document Number 97-128837 (the "WFBS Mortgage"). (See Exhibit G).

**ANSWER:** Defendant admits only that Plaintiff has attached to the Second Amended Complaint as Exhibit G a document that purports to be a mortgage for WFBS. Answering further, Padilla denies the validity of said mortgage as herein stated, as well as any allegation of this paragraph 2 to the extent that it varies from the public records.

3. On May 8, 1998, the Trust executed a mortgage in favor of Washington Mutual Bank, F.A. ("WaMu") in the amount of $382,000.00, which was recorded against the Subject Property on May 18, 1998 in the Cook County Recorder of Deeds Office as Document

Number 98410464 and subsequently assigned to Chase (see Exhibit D and E) (the "Chase Mortgage"). The Chase Mortgage was re-recorded on November 13, 2013 as Document Number 1332215071. (See Exhibit B).

**ANSWER:** Defendant admits that the referenced mortgage appears to bear a signature identified as the Trustee of the Trust, that it was recorded as stated, apparently subsequently modified and re-recorded. Answering further, for the reasons herein stated, defendant denies that she was aware of the mortgage, that it was proper or that it is valid.

4. The purpose of the Chase Mortgage was to refinance the WFBS Mortgage, and said refinance was conditioned upon receiving a complete and unencumbered first mortgage lien interest in the Subject Property to secure the loan.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 4, and therefore she denies said allegations.

5. Upon the closing of the Chase Mortgage that is the subject of Count I herein, a portion of the proceeds of the Chase Mortgage was used to pay off the WFBS Mortgage in the amount of $374,999.05 (See Exhibit H).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 5, and therefore she denies said allegations.

6. At all times relevant to this Count II, the Trust held fee simple title to the mortgaged property subject to this action.

**ANSWER:** Defendant admits the allegations of this paragraph 6.

7. The WFBS mortgage was refinanced via the Chase Mortgage, and the Chase Mortgage remains unpaid.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 7, and therefore she denies said allegations.

8. After the filing of Plaintiff's Complaint, Defendant Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, by virtue of a mortgage from Bridgeview Bank and Trust Company, as Trustee under Trust Agreement dated April 28, 1993 and known as Trust No. 1-2228 (the "FDIC"), filed an Answer to the Chase Complaint denying that the Chase Mortgage is a first and paramount lien on the Subject Property.

**ANSWER:** Defendant admits the FDIC has filed an Answer deny that the Chase Mortgage is a first and paramount lien. Answering further, Padilla denies the allegations of this paragraph 8 to the extent said allegations vary from the statements made in the Federal Deposit Insurance Corporation's pleadings.

9. The FDIC further filed a Counterclaim seeking to foreclose a purported mortgage in favor of Washington Federal Bank for Savings dated August 10, 1999 and recorded on August 20, 1999 as Document No. 99797136 in the Cook County Recorder of Deeds Office (the "FDIC Mortgage"). (See Exhibit I). The FDIC Mortgage was subsequently modified on at least three occasions.

**ANSWER:** Defendant admits the FDIC has filed a Counterclaim seeking to foreclose its purported mortgage on the subject property. Answering further, Padilla denies the allegations of this paragraph 9 to the extent said allegations vary from the statements made in the Federal Deposit Insurance Corporation's pleadings.

10. For its Counterclaim, the FDIC claims that its purported mortgage lien is superior to the Chase Mortgage subject to Count I.

**ANSWER:** Defendant admits the FDIC's Counterclaim asserts its purported mortgage is superior to the Chase Mortgage. Answering further, Padilla denies the allegations of this paragraph 10 to the extent said allegations vary from the statements made in the Federal Deposit Insurance Corporation's pleadings.

11. Defendant PADILLA filed an Answer and Affirmative Defenses to the Chase Complaint, denying that the Chase Mortgage is valid because, among other things, the Chase Mortgage was allegedly not properly authorized by the Trust. (See Exhibit J).

**ANSWER:** Defendant admits the allegations of this paragraph 11.

12. Chase denies that the FDIC Mortgage holds a superior lien to the Chase Mortgage.

**ANSWER:** Defendant admits that Chase denies that the FDIC-R holds a superior lien to the Chase Mortgage.

13. Chase further denies that the Chase Mortgage is invalid as Chase was entitled to rely upon the representations of the Trustee when executing the Chase Mortgage.

**ANSWER:** Defendant admits that Chase denies that Chase's mortgage is invalid. Answering further, for the reasons herein stated, Padilla denies the validity of the Chase Mortgage.

14. Notwithstanding Chase's denial that its Mortgage is inferior to the FDIC Mortgage or is invalid or otherwise unenforceable, Chase hereby seeks an Order declaring that it is entitled to be subrogated to the lien position of the WFBS Mortgage.

**ANSWER:** Defendant admits that Chase is seeking such an order but denies that Chase is entitled to such an order. As set forth more specifically in Padilla's Affirmative Defenses below, Padilla states that Chase be estopped from making this claim.

15. Because the proceeds of the Chase Mortgage were used to pay off the prior WFBS Mortgage, Plaintiff Chase is entitled to be subrogated to the lien position of the WFBS Mortgage in the amount of $374,999.04, which was the amount Chase paid to extinguish the WFBS Mortgage.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 15, and therefore she denies said allegations.

16. Moreover, because the WFBS Mortgage was executed prior to the alleged amendment of the Trust, the WFBS Mortgage lien is superior to the FDIC Mortgage lien and enforceable against the Trust.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 16, and therefore she denies said allegations.

17. It would be unjust for PADILLA to enjoy and retain the benefit of the payoff of the WFBS Mortgage obligation to the detriment of Chase, as Chase would have no recourse for paying off PADILLA's mortgage obligation.

**ANSWER:** Defendant states that the allegations of paragraph 17 call for a legal conclusion to which no response is required and therefore she denies the allegations of this paragraph.

18. It would likewise be unjust for the FDIC to enjoy the benefit of a paramount lien on the Subject Property due to Chase's payoff of the prior WFBS Mortgage.

**ANSWER:** Defendant states that allegations of paragraph 18 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

19. Allowing PADILLA and the FDIC to retain the benefit of the payoff of the prior WFBS Mortgage obligation without any recourse for Chase violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:** Defendant responds that allegations of paragraph 19 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

20. Should this Court allow PADILLA and the FDIC to retain the benefit of the payoff, both PADILLA and the FDIC would incur a windfall to the detriment of Chase.

**ANSWER:** Defendant responds that the allegations of paragraph 20 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

21. Chase should therefore be subrogated to the lien position of the WFBS Mortgage to the amount paid to extinguish that mortgage, plus interest, cost, and fees in order to avoid unjust enrichment in favor of PADILLA and the FDIC.

**ANSWER:** Defendant states that the allegations of paragraph 21 call for a legal conclusion to which no response is required and, therefore, she denies the allegations in this paragraph.

### COUNT III – Unjust Enrichment

22. Chase restates and incorporates paragraphs 1 through 21 above for its paragraph 22 as though fully set forth herein.

**ANSWER:** Defendant restates and incorporates her answers to paragraphs 1 through 21 above as though fully set forth herein for her answer to this paragraph 22.

23. The prior WFBS Mortgage was a valid and paramount lien on the Subject Property upon its recordation on February 25, 1997.

**ANSWER:** Defendant states that the allegations of paragraph 23 call for a legal conclusion to which no response is required, and therefore, she denies the allegations in this paragraph.

24. The Trust executed the prior WFBS Mortgage in the amount of $372,000.00, which was shortly thereafter refinanced via the current Chase Mortgage.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph 24, and therefore denies said allegations.

25. The prior WFBS Mortgage was properly executed pursuant to the terms of the Trust.

**ANSWER:** Defendant denies the allegations of this paragraph 25.

26. Although PADILLA did not execute the Chase Mortgage, she enjoyed the benefit of the fact that the Chase Mortgage extinguished the prior WFBS Mortgage, a lien which would still be valid and paramount on the Subject Property.

**ANSWER:** Defendant states that the allegations of paragraph 26 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

27. Should the FDIC succeed in its claim that the FDIC Mortgage is superior in title to the current Chase Mortgage, the FDIC would enjoy the benefit of having a first and

    paramount lien on the Subject Property due solely to the fact that the Chase Mortgage paid off the prior WFBS Mortgage.

**ANSWER:** Defendant states that the allegations of paragraph 27 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

28. It would be unjust for PADILLA and the FDIC to enjoy and retain the benefit of the payoff of the prior WFBS Mortgage obligation to the detriment of Chase, as Chase would have no recourse for paying off the WFBS Mortgage obligation.

**ANSWER:** Defendant states that the allegations of paragraph 28 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

29. Allowing PADILLA and the FDIC to retain the benefit of the payoff of the prior WFBS Mortgage violates the fundamental principles of justice, equity, and good conscience.

**ANSWER:** Defendant states that the allegations of paragraph 29 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

30. Should this Court allow PADILLA and the FDIC to retain the benefit of the payoff of the prior WFBS Mortgage, both PADILLA and the FDIC would incur a windfall to the detriment of Chase.

**ANSWER:** Defendant states that the allegations of paragraph 30 call for a legal conclusion to which no response is required and, therefore she denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Padilla hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

For her First Affirmative Defense, Padilla states:

1.     At all times relevant hereto, title to the subject property was held in a land trust, with Bridgeview Bank and Trust Company ("Bridgeview Bank") as trustee under trust number 1-2228 dated April 4, 1993 (the "Land Trust").

2. The initial beneficiary of the Land Trust was Padilla's ex-husband, Robert Kowalski ("Kowalski"). However, on September 5, 1997, the Land Trust agreement was amended to add Padilla as a beneficiary of the Land Trust, as well as to provide that Padilla, along with Kowalski, had power of direction over the Land Trust.

3. As a result, Bridgeview Bank could not transfer or encumber the subject property without the prior written authorization of both Kowalski and Padilla.

4. On or about May 8, 1998, Bridgeview Bank, as trustee, executed a mortgage (the "WMB Mortgage") on the Property in favor of Washington Mutual Bank for $382,000.00, a copy of which is attached to Plaintiff's Seconded Amended Complaint as Exhibit B.

5. At no time did Padilla execute a letter of direction authorizing the trustee to execute the WMB Mortgage, nor did Washington Mutual Bank make any effort to contact Padilla or otherwise notify her of its intent to execute the WFB Mortgage and related loan documents.

6. The WMB mortgage was executed by the trustee without valid direction by Padilla. In fact, the letter of direction authorizing the trustee to execute the WMB Mortgage either included Padilla's forged signature, or did not include her signature at all, and at no time prior to execution of the WMB Mortgage did Padilla have notice that the trustee was executing it and the related documents.

7. As part of the loan documents included with the WMB Mortgage, Washington Mutual Bank required the execution of a promissory note (the "Note"), a copy of which is attached to plaintiff's Amended Complaint as part of Exhibit C.

8. As part of the loan documents included with the WMB Mortgage, Washington Mutual Bank required the execution of a Land Trust Rider (the "Rider), a copy of which is attached to plaintiff's Amended Complaint as part of Exhibit C.

9. Washington Mutual Bank required Kowalski to execute the Note and Rider, but it did not require Padilla to execute these documents. As such, Washington Mutual Bank knew, or should have known, the identity of the beneficiaries of the Land Trust, and that Padilla was one of the individuals with power of direction over the Land Trust.

10. Notwithstanding its knowledge that Padilla was one of the beneficiaries of the Land Trust, and that she had, in part, power of direction over the Land Trust, Washington Mutual Bank knew, or should have known, that the WMB Mortgage was procured through either a fraudulently signed letter of direction, or a letter of direction from Kowalski only.

11. At no time did Washington Mutual Bank require Padilla to confirm her assent to the WMB Mortgage, nor did it require that Padilla appear at the bank and execute the Note, the Rider, or letter of direction, in the presence of a bank officer. Further, at no time did Washington Mutual Bank contact, or attempt to contact, Padilla with respect to the WMB Mortgage.

12. Instead, Washington Mutual Bank knowingly accepted Kowalski's signature as the sole beneficiary of the Land Trust, and the only individual with the power of direction over the Land Trust.

13. As a result of Washington Mutual Bank's knowledge that the WMB Mortgage was not properly authorized or executed, the WMB Mortgage is invalid as a matter of law.

14. Absent proof that the WMB Mortgage was validly executed and authorized by all beneficiaries of the Land Trust, and in particular Padilla, the foreclosure claim of plaintiff, as the successor in interest to Washington Mutual Bank, fails as a matter of law.

15. Given the invalidity of the WMB Mortgage as set forth herein, granting the relief requested by plaintiff violates the fundamental principles of justice, equity, and good conscience.

**SECOND AFFIRMATIVE DEFENSE**

For her Second Affirmative Defense, Padilla states as follows:

1. Padilla incorporates and realleges the allegations set forth in paragraphs 1-4 of her First Affirmative Defense as though fully set forth as and for paragraph 1 of this Second Affirmative Defense.

2. As set forth in the Mortgage, Trust Rider and Promissory Note, the "Borrower" as referenced in said documents is Bridgeview Bank and Trust Company, as trustee under Trust Agreement dated April 24, 1993 and known as Trust Number 1-2228.

3. In October 2012, the WMB Mortgage was assigned to Plaintiff, JP Morgan Chase Bank. A copy of said assignment is attached to Plaintiff's Second Amended Complaint as Exhibit D.

4. At no time were the loan documents amended to change the Borrower from Bridgeview Bank and Trust Company, as trustee under Trust Agreement dated April 24, 1993 and known as Trust Number 1-2228, to Robert Kowalski.

5. On or about November 22, 2011, prior to the assignment to plaintiff of the WMB Mortgage, plaintiff entered into a Modification Agreement (the "Modification") with Kowalski, which Modification was to be effective February 1, 2012. A copy of the Modification is attached to Plaintiff's Second Amended Complaint as Exhibit F.

6. Since the WMB Mortgage had not yet been assigned to plaintiff as of the date of the Modification, plaintiff had no right or authority to enter into the Modification. As such, it is invalid.

7. In addition, since Kowalski is not the Borrower on the WMB Mortgage, he had no right or authority to enter into the Modification to modify its terms. As such, the Modification is invalid.

### THIRD AFFIRMTIVE DEFENSE

For her Third Affirmative Defense, Padilla states as follows:

1. Padilla incorporates and realleges the allegations set forth in paragraphs 1-4 of her First Affirmative Defense as though fully set forth as and for paragraph 1 of this Third Affirmative Defense.

2. In October 2012, the WMB Mortgage was assigned to plaintiff, JP Morgan Chase Bank. A copy of said assignment is attached to Plaintiff's Second Amended Complaint as Exhibit D.

3. Upon information and belief, Kowalski defaulted on the mortgage March 1, 2018.

4. Plaintiff initiated a foreclosure action on or about May 3, 2019, which was more than one year after Kowalski defaulted on the loan. Plaintiff amended its Complaint to add Padilla as a defendant on or about December 5, 2019.

5. Plaintiff lacked due diligence in bringing its claim against Padilla causing prejudice and therefore, plaintiff's claim is barred by the doctrine of laches.

6. Given the invalidity of the WMB Mortgage as set forth herein, granting the relief requested by plaintiff violates the fundamental principles of justice, equity, and good conscience.

### FOURTH AFFIRMTIVE DEFENSE

For her Fourth Affirmative Defense, Padilla states as follows:

1.      Padilla incorporates and realleges the allegations set forth in paragraphs 1-4 of her First Affirmative Defense as though fully set forth as and for paragraph 1 of this Fourth Affirmative Defense.

2.      Plaintiff has argued, *inter alia*, that because the statute of limitations for the 1997 Mortgage which the FDIC previously sought to foreclose expired, the lien of the 1997 Mortgage has also expired.  Since the FDIC has no standing to foreclose the 1997 Mortgage, therefore Chase similarly cannot subrogate to the right to take any action with respect to the 1997 Mortgage.

3.      Plaintiff too has argued that any cause of action based on the 1997 Mortgage is barred by the statute of limitations.  As such, Plaintiff is estopped from arguing that Plaintiff is entitled to be subrogated to the lien position of the 1997 Mortgage.

WHEREFORE, for the reasons set forth above, Defendant, Martha Padilla, respectfully requests that this Honorable Court enter judgment in her favor and against the plaintiff, with costs assessed, and grant such other relief as this Honorable Court deems necessary and appropriate.

> Respectfully submitted,
>
> MARTHA PADILLA
>
> By:     s/Joseph R. Ziccardi
>         Attorney for Defendant Martha Padilla

Joseph R. Ziccardi (jziccardi@ziccardilaw.com)
ZICCARDI LAW OFFICES
77 W. Washington, Suite 705
Chicago, Illinois  60602
Tel. (312) 372-3477
Fax (312) 372-4684