IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT KOWALSKI, AKA ROBERT M. KOWALSKI; UNKNOWNOWNERS AND NON-RECORD CLAIMANTS; CHICAGO TITLE LAND TRUST COMPANY s/i/i TO BRIDGEVIEW BANK GROUP FKA BRIDGEVIEW BANK AND TRUST COMPANY, AS TRUSTEE UNDER TRUST AGREEMENT DATED APRIL 24, 1993 AND KNOWN AS TRUST NUMBER 1-2228; MARTHA PADILLA; FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS,<br><br>    Defendants. | Case No.: 1:19-cv-05770<br><br>Judge Thomas M. Durkin<br><br>1512 W. Polk Street<br>Chicago, IL 60607 |

<u>**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

NOW COMES Plaintiff JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("CHASE"), by and through its attorney Peter M. King of the law firm of King Holloway LLC, and for its Reply in Support of its Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, CHASE states as follows:

<u>Introduction</u>

For its Motion for Partial Summary Judgment (the "Motion"), CHASE seeks a judgment from this Court that CHASE and its predecessor in interest, Washington Mutual Bank ("WaMU"), were entitled to rely upon the representations made by the Bridgeview Bank and Trust Company,

1

as Trustee Under Trust Agreement Dated April 24, 1993 and Known as Trust Number 1-2228 (the "Trust") when it entered into the mortgage dated May 8, 1998, in favor of WaMu in the amount of $382,000.00, which was recorded against the Subject Property on May 18, 1998, in the Cook County Recorder of Deeds Office as Document Number 98410464 and subsequently assigned to Chase (the "Chase Mortgage").

In its Motion, CHASE further sought an order in its favor finding that CHASE is entitled to be equitably subrogated to the position of the prior mortgage it paid off at the closing of the Chase Mortgage. Two defendants filed responses to the CHASE Motion; namely, MARTHA PADILLA ("PADILLA") and the Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings, by virtue of a mortgage from Bridgeview Bank and Trust Company, as Trustee under Trust Agreement dated April 28, 1993 and known as Trust No. 1-2228 (the "FDIC"). For its Reply, CHASE will address the first argument pertaining solely to PADILLA and is otherwise withdrawing its Motion for Partial Summary Judgment as it pertains to equitable subrogation and conventional subrogation.

<u>Argument</u>

**A. WaMu Was Entitled to Rely Upon Robert M. Kowalski's Representation That He Possessed the Authority to Execute the Chase Mortgage.**

For her Response, PADILLA claims that there are issues of fact prohibiting the entry of summary judgment in favor of CHASE. (Padilla Resp., p. 4-5). The basis for PADILLA's position is that the facts, when read in light most favorable to PADILLA, provide sufficient evidence that an issue of fact exists. As will be more fully set forth below, there is no issue of fact that would prohibit this Court from entering summary judgment in favor of CHASE.

2

PADILLA claims that WaMu was required to obtain the signature of PADILLA when it executed the Chase Mortgage (Padilla Resp., p. 5), however, there is no evidence that WaMu was aware of any purported interest of PADILLA in the Trust. Nevertheless, PADILLA argues that WaMu somehow knew or should have known of PADILLA's interest despite the complete lack of evidence to support her position. Indeed, CHASE has tendered more than one thousand documents in response to PADILLA's Requests for Production, and has tendered more than one thousand three hundred documents in response to the FDIC's Requests for Production. Included in these document productions are loan applications, various underwriting documents and the Illinois Land Trust Rider and Illinois Land Trust Addendum.

For her Response, PADILLA does not point to one document that would put WaMu or CHASE on notice that Bridgeview Bank and Trust Company, as Trustee of the TRUST, did not have full authority to execute the Chase Mortgage. (*See generally* Padilla Resp.) PADILLA does not provide any affidavit from any expert or other witness to establish her claim that WaMu or CHASE "at a minimum should have known" of the purported infirmities in the Trustee's authorization to execute the Chase Mortgage. (*See id.*) In fact, PADILLA simply makes bald assertions that there are issues of fact regarding the Trustee's authority to execute the Chase Mortgage without providing any basis for her claims. (Padilla Resp., p. 6).

PADILLA then attempts to distinguish *Gross v. Gross*, 324 Ill.App.3d 872 (1st Dist. 2001), which is a case relied upon by CHASE in its Motion. (Padilla Resp., p. 6). In *Gross*, a trustee of a land trust executed a mortgage and a line of credit that encumbered property held by the trust. One of the beneficiaries claimed that the letter of direction to the trustee was forged by her husband without her authority. *Gross*, 324 Ill.App.3d at 873. The trustee later sued both the trustee and the

3

mortgagee. *Id.* The court noted that the security documents from the trustee indicated that it had full power and authority to execute the mortgage. *Id.* at 875. Moreover, the court held that the trustee was not obligated "'inquire' into the propriety of any 'direction'" from the trustee. *Id.*

PADILLA next cites *MB Financial Bank, N.A. v. Chicago Title Land Trust Co.*, 2019 IL App(2d) 170659-U, an unpublished decision from the Second District of Illinois, in an attempt to distinguish *Gross*. (Padilla Resp., p. 5). As admitted by PADILLA, *MB Financial* is an unpublished decision and therefore has little precedential value. *Id.* Therefore, as a threshold matter, this Court is not required to give any consideration to the holding of the unpublished decision from the Illinois Second Appellate District. Nevertheless, *MB Financial* is clearly distinguishable from the case at bar and is also irrelevant.

In *MB Financial*, the court analyzed *Grot* and agreed with its holding. *MB Financial, N.A.*, 2019 IL App(2d) at ¶94. "The Grot rationale is consistent with the general principle that a third party may rely on the trustee's representation that it has the power and authority to execute an instrument where title to the real estate is of primary importance. Its rationale is also consistent with the general principle that, in the case of a forged letter of direction, the beneficiary's recourse is to pursue an action against the trustee rather than an innocent third party." *Id.* at ¶94. The *MB Financial* court clearly agrees with the holding in *Grot*. However, in reversing summary judgment in favor of the lender, the *MB Financial* court found an issue of fact regarding the lender's notice of forgery. *Id.* at ¶103. In the case at bar, there is no forgery claim; rather, PADILLA claims that her signature was required on the letter of direction. (Padilla Resp., p. 5). PADILLA has not produced any evidence to establish that WaMu or CHASE had any knowledge of the purported amendment to the TRUST, or that WaMu and CHASE were not entitled to rely upon the representations of the

4

trustee that it had the authority to execute the Chase Mortgage. The *MB Financial* case provides no comfort to PADILLA's claim.

Finally, PADILLA attempts to distinguish *Grot v. First Bank of Schaumburg*, 292 Ill.App.3d 88 (1st Dist. 1997), cited by CHASE, but only does so by claiming that CHASE had constructive knowledge of the "infirmities" in the loan documents. (Padilla Resp., p. 6). Once again, PADILLA provides no support to her position that CHASE knew or should have known that there was anything improper with the warranty of the trustee. Moreover, PADILLA fails to address the true holding of *Grot*—any action regarding the trustee's execution of a mortgage would rest between the beneficiary and the trustee. *Grot*, 292 Ill.App.3d at 91-92.

PADILLA simply fails to raise an issue of fact that would prohibit this Court from entering summary judgment in favor of CHASE. PADILLA has not provided any basis upon which CHASE or WaMu would be charged with actual or constructive notice of any infirmity with the loan documents for the Chase Mortgage, and therefore CHASE is entitled to summary judgment on PADILLA's First Affirmative Defense.

**B. Plaintiff CHASE Hereby Withdraws the Equitable Subrogation and Conventional Subrogation Arguments Made in its Motion for Partial Summary Judgment.**

At this time, CHASE is withdrawing its Motion for Partial Summary Judgement as it pertains to the equitable subrogation and conventional subrogation arguments.

## Conclusion

CHASE and its predecessor in interest were entitled to rely upon the representations of the trustee when it executed the Chase Mortgage, as there was nothing to alert any party that the trustee did not have full authority to execute the Chase Mortgage. Therefore, CHASE's Motion for Partial

5

Summary Judgment should be granted as to PADILLA's First Affirmative Defense.

Dated: <u>July 6, 2021</u>  Respectfully submitted,

By: <u>/s/ Peter M. King</u>

Peter M. King
King Holloway LLC
526 Crescent Blvd., Suite 318
Glen Ellyn, IL  60137
Tel.: 312.724.8221
Fax.: 312.724.8260
ARDC No.: 6279204
pking@kingholloway.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** to be electronically filed on July 6, 2021, and will be sent electronically to counsel who are registered participants identified on the Notice of Electronic Filing. All other parties, if any, will be served by ordinary U.S. Mail.

<u>/s/ Peter M. King</u>