IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) ROBERT KOWALSKI a/k/a ROBERT M. ) KOWALSKI; UNKNOWN OWNERS AND ) NON-RECORD CLAIMANTS; CHICAGO ) TITLE LAND TRUST COMPANY s/i/i TO ) BRIDGEVIEW BANK GROUP f/k/a ) BRIDGEVIEW BANK AND TRUST COMPANY, ) AS TRUSTEE UNDER TRUST AGREEMENT ) DATED APRIL 24, 1993 AND KNOWN AS ) TRUST NUMBER 1-2228; MARTHA ) PADILLA; FEDERAL DEPOSIT INSURANCE ) CORPORATION, AS RECEIVER FOR ) WASHINGTON FEDERAL BANK FOR ) SAVINGS, ) ) Defendants. ) | Case No. 1:19-CV-05770<br><br>Judge Thomas M. Durkin |

**FEDERAL DEPOSIT INSURANCE CORPORATION'S ADDITIONAL STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON SECOND AMENDED COUNTERCLAIM AGAINST COUNTER-DEFENDANT MARTHA PADILLA**

Defendant/Counter-Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), pursuant to Federal Rules of Civil Procedure 56 and LR 56.1, hereby submits its Additional Statement of Material Facts in support of its Motion for Summary Judgment on the Second Amended Counterclaim against Counter-Defendant, Martha Padilla ("Padilla").

31. The loan file of Washington Federal Bank for Savings ("WFB") for the subject Polk property mortgage loan contained the following:

- Acquisition Credit
- Loan Settlement Statement
- Flood Insurance Certificate
- Property Insurance Declaration
- First Payment
- Regulation Z notice
- 2-page certified land trust agreement for trust no. 1-2228 dated 8/19/99
- Appraisal Report
- 1997-99 US Tax returns for Robert Kowalski and Martha Padilla
- Uniform Residential Loan Application
- APR Disclosure
- ALTA Statement
- Title Insurance Policy
- Appraisal as of 8/15/99

(Woods 2d Supp Afft para 4, Exhibit 22 hereto)

32. There are "so many different ways" of entering into a loan with land trustees that "it's hard to say" there is a uniform practice. Hughes dep. p. 23. 18-20. The transcript of the deposition of Randy Hughes is attached hereto as Exhibit 23.

33. A lender wants to review the trust agreement to identify the trustee and beneficiary, confirm the legal description and to confirm the trust agreement grants the trustee the power to borrow money and encumber assets. Hughes dep. p. 26, 20-24; p. 27, 1-16.

34. Hughes did not ask for and was not given the loan file as he thought he had been given all relevant documents. "I suppose it would have been nice to have seen all that" so he knew what WFB knew at the time it was funding the mortgage loan. Hughes dep. p. 46, 5-15; p. 97, 22-24; p. 98, 12-18.

35. The WFB loan file contained two certifications, an 8-page certification from 1997, which Hughes had never seen, and a 2-page certification from 1999 from the land trustee for trust no. 1-2228, both of which only included the trust agreement where Kowalski was the sole beneficiary and sole holder of the power of direction. No assignment of beneficial interest was

included. Hughes dep. p. 63, 6-21. The certification dated February 21, 1997 is attached hereto as Exhibit 24. See also Exhibit 21 for the August 19, 1999 certification.

36. When WFB made the mortgage loan, all it had was the land trust agreement and it had a mortgage signed by a land trustee who represented it was authorized to sign the mortgage and a note signed by Kowalski, who under the trust agreement was the sole beneficiary and sole owner of the power of direction. Hughes dep. p. 10-22.

37. Hughes was not aware of any facts to show WFB knew the mortgage being executed by the land trustee was invalid. Hughes dep. p. 98, 23-24, p. 99, 1-2.

38. The Illinois Land Trust Disclosure Act provides that one who makes a false statement as to the identification of the beneficiaries is guilty of perjury. Hughes dep. p. 66, 8-12.

39. In view of the law, WFB could rely upon the certified copy of the land trust it received from the land trustee, Bridgeview Bank, as accurate. Hughes dep. p. 67, 9-13.

40. When the land trustee signed the Mortgage, only the real estate was liable for the debt and Padilla had no liability because she did not sign the Note. Hughes dep. p. 56, 3-19.

41. There is no law to support the opinion that a power of direction is required to render a mortgage enforceable. Hughes dep. p. 71, 1-3.

42. Hughes' opinion is based on 40 years of experience, confirming his understanding with three bank officers and the fact he has never seen a loan without a letter of direction. However, he never asked the banks whether a mortgage executed without a letter of direction is valid. He has no experience with the validity of mortgages executed without letters of direction or where mortgages are held invalid. Hughes dep p. 42, 15-24; p.43, 7-14; p. 47, 9-11; p. 78, 4-8; p. 78, 21-24; p. 79, 1; p. 96, 1-5; p. 101, 16-24; p. 102, 1-8.

6160193/1/13664.014

43. The invalidation of a mortgage because a letter of direction was not obtained is a "legal question". Hughes dep. p. 101, 3-6.

Dated: January 5, 2022

Respectfully submitted,

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Federal Bank for Savings,** Defendant/Counter-Plaintiff,

By: /s/ *Eric S. Rein*
      One of Its Attorneys

Eric S. Rein (rrein@hmblaw.com)
ARDC #6181305
Matthew R. Barrett (mbarrett@hmblaw.com)
ARDC #6308549
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200

James M. Dash (jdash@carlsondash.com)
ARDC #6200504
Jordana E. Thomadsen (jthomadsen@carlsondash.com)
*Admitted pro hac vice*
**CARLSON DASH, LLC**
216 S. Jefferson Street, Suite 504
Chicago, Illinois 60661
(312) 382-1600

**CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that he caused a true and correct copy of the foregoing **FEDERAL DEPOSIT INSURANCE CORPORATION'S ADDITIONAL STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON SECOND AMENDED COUNTERCLAIM AGAINST COUNTER-DEFENDANT MARTHA PADILLA** to be served upon other counsel of record listed below by electronic mail and by placing same in a properly addressed envelope, first-class postage prepaid, and by depositing same in the U.S. Mail located at 500 West Madison Street, Chicago, Illinois 60661 on January 5, 2022, addressed as follows:

Alan Samuel Kaufman
Edward R. Peterka
Manley Deas Kochalski LLC
1 East Wacker Drive, Suite 1250
Chicago, Illinois 60601
ask@manleydeas.com
erpeterka@manleydeas.com

Shana A. Shifrin
Burke, Warren, MacKay & Seritella, P.C.
330 N. Wabash Avenue, 21st Floor
Chicago, Illinois 60611
sshifrin@burkelaw.com

Joseph R. Ziccardi
Gabriella Moretti
Ziccardi Law Offices
77 W. Washington, Suite 705
Chicago, Illinois 60602
jziccardi@ziccardilaw.com
gmoretti@ziccardilaw.com

Peter M. King
King Holloway Lipinski LLC
526 Crescent Boulevard, Suite 318
Glen Ellyn, Illinois 60137
pking@khl-law.com

Adam B. Rome
Zachary Mulcrone
Greiman, Rome & Griesmeyer, LLC
2 N. LaSalle St., Suite 1601
Chicago, IL 60602
arome@grglegal.com
zmulcrone@grglegal.com

/s/ *Eric S. Rein*